**Marianne KREUTER, Plaintiff–Appellant,**

**v.**

**Lawrence G. REUTER, President, New York City Transit, Ronnie Sue Jaffe, Clinical Director, and Robert Finch, Clinical Manager, Employee Assistance Program, New York City Transit, Defendants–Appellees.**

**Docket No. 03–7054.**

United States Court of Appeals, Second Circuit.

Sept. 19, 2003.

Stanton Peele, Law Office of Stanton Peele, Morristown, NJ, for Plaintiff–Appellant.

Rhonda J. Moll, Office of the General Counsel, Metropolitan Transportation Authority, New York, NY, for Defendants–Appellees.

PRESENT: CARDAMONE, JACOBS, and POOLER, Circuit Judges.

### SUMMARY ORDER

Marianne Kreuter appeals from an order of the United States District Court for the Eastern District of New York (Garaufis, *J.*) granting summary judgment in favor of defendants Lawrence G. Reuter, President of the New York City Transit Authority ("NYCTA"), and two managers of NYCTA's Employee Assistance Program, Ronnie Sue Jaffe and Robert Finch. We affirm for the following reasons.

Under the Free Exercise Clause of the First Amendment, "[g]overnment enforcement of laws or policies that substantially burden the exercise of sincerely held religious beliefs is subject to strict scrutiny." *Fifth Ave. Presbyterian Church v. City of New York*, 293 F.3d 570, 574 (2d Cir.2002) (citing *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 546, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993)). Kreuter argues that an extended period of recheck testing imposed by NYCTA because of her refusal to acknowledge a lack of control over alcohol substantially burdens her religious beliefs. She does not, however, indicate why this acknowledgment requires her "to profess a belief or disbelief in any religion." *Torcaso v. Watkins*, 367 U.S. 488, 495, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961) (internal quotation marks and citation omitted).

Assuming that plaintiff has a conscientious belief that she can control her conduct, the acknowledgment required is not to the contrary. Obviously, it is assumed that an alcoholic who acknowledges the challenge can overcome it; otherwise it must be assumed that NYCTA allows uncontrolled alcoholics to work in safety-sensitive posts. The plaintiff tries to argue that the inability to control alcoholism implies a need to involve a higher power in achieving abstention; but that is not expressed or necessarily implied in the required acknowledgment.

Kreuter also claims that NYCTA's conduct violates her right to "self-conception" but points to no case construing the 14th Amendment to identify this putative right. We have considered Kreuter's remaining arguments and conclude that they are without merit.

Therefore, the judgment of the district court is affirmed.